

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00047-CR

| | | |
|---|---|---|
| Shawn Wayne Ross | § | From Criminal District Court No. 3 |
| | § | of Tarrant County (1249242D) |
| v. | § | February 28, 2013 |
| | § | Opinion by Justice Meier |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Bill Meier



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00047-CR

SHAWN WAYNE ROSS                                        APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Shawn Wayne Ross entered an open plea of guilty to possession of one gram or more but less than four grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115(c) (West 2010). The trial court found Ross guilty, accepted his plea of true to the indictment's enhancement paragraph, ordered and reviewed a presentence investigation report, and

---

[1]*See* Tex. R. App. P. 47.4.

conducted a sentencing hearing. The trial court sentenced Ross to four years' confinement.

Ross's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Ross filed a pro se brief in response, the State filed a reply brief, and Ross filed a rebuttal brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 922–23. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d

684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.


                                              BILL MEIER
                                              JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 28, 2013